IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01401-MEH

CONNIE WEINGARTEN, and
EDWARD WEINGARTEN,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiffs Connie and Edward Weingarten ask the Court to reconsider its order granting in part Defendant Auto-Owners Insurance Company's Motion for Summary Judgment. Because the Court does not find clear error in its order or a need to correct manifest injustice, the Court denies Plaintiffs' Motion for Reconsideration.

## BACKGROUND

    On May 9, 2017, Plaintiffs filed the present action in state court alleging that Auto-Owners improperly denied their property damage claim. Compl., ECF No. 4. Plaintiffs' insurance claim sought coverage for damages due to an illegal marijuana grow operation. *Id.* Plaintiffs assert causes of action for breach of insurance contract, breach of the duty of good faith and fair dealing, and statutory unreasonable delay or denial. *Id.* ¶¶ 20–37. On June 8, 2017, Auto-Owners removed the case to this Court. Notice of Removal, ECF No. 1.

    While the parties were engaging in discovery, they filed cross motions for summary

judgment seeking coverage determinations. On September 25, 2017, Plaintiffs filed their motion, which asked the Court to find that the policy covers their losses as due to vandalism or malicious mischief. ECF No. 21. Auto-Owners filed its motion on October 13, 2017. ECF No. 22. Auto-Owners sought a legal determination that the policy does not cover Plaintiffs' claimed losses, because damage due to the marijuana grow operation is not vandalism, the property was not being used principally as a private residence, the losses are not accidental direct physical losses, and multiple policy exclusions preclude coverage. *Id.* at 7–11.

On December 7, 2018, the Court issued its order on the parties' cross motions for summary judgment. ECF No. 30. The Court granted in part and denied without prejudice in part Plaintiffs' motion. *Id.* at 11–16. The Court defined vandalism or malicious mischief as intent to damage or destroy property or intent to perform an act that demonstrates reckless disregard for an individual's property rights. *Id.* at 12–14. However, the Court found that it would be premature to determine whether Plaintiffs' claimed losses are due to vandalism or malicious mischief. *Id.* at 15–16. As for Auto-Owners' motion, the Court found the policy does not cover damages to Plaintiffs' dwelling. *Id.* at 7–11. Importantly, Plaintiffs failed to demonstrate a disputed issue of fact as to whether the property was being used principally as a private residence. *Id.* In fact, Plaintiffs submitted evidence that virtually the entire house was being used to further the marijuana grow operation. *Id.* at 9. Although Plaintiffs also produced evidence that the individuals growing marijuana may have been residing at the property, the Court found this did not create a disputed issue of fact as to whether the property was being used principally as a private residence. *Id.* at 9. However, because the personal property section of the insurance policy did not include the "principal use as a private residence" requirement, the Court found that disputed issues of fact exist as to coverage for Plaintiffs' personal

2

property losses. *Id.* at 10–11.

On January 4, 2018, Plaintiffs filed the present Motion for Reconsideration, ECF No. 32. Plaintiffs contend the Court erred when it found a lack of a dispute regarding the property's principal use as a private residence. *Id.* Plaintiffs list four specific reasons in support of their argument: (1) Auto-Owners denied coverage on the basis that the damage was due to "hard living," (2) Auto-Owners did not argue in its motion that the property was not used principally as a private residence, (3) Auto-Owners did not present facts supporting the contention that the property was not used principally as a private residence, and (4) evidence in the record suggests the property was principally used as a private residence. *Id.* at 2. Accordingly, Plaintiffs ask the Court to deny Auto-Owners' Motion for Summary Judgment in its entirety.

## **LEGAL STANDARDS**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *United States ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012) (unpublished). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

**ANALYSIS**

The Court declines to alter its finding that disputed issues of fact do not exist as to whether the property was principally used as a private residence. Because Plaintiffs do not point to an intervening change in the law or new evidence previously unavailable, the Court infers that Plaintiffs perceive a need to correct clear error. Plaintiffs primarily advance two arguments in support of their clear error contention: Auto-Owners did not argue in its motion that the property must be used principally as a private residence, and the evidence in the record demonstrates at least a disputed issue of fact as to the property's principal use.[1] However, far from committing clear error or misapprehending the facts, the Court finds that its holding is required by the evidence in the record.[2]

Contrary to Plaintiffs' contention, Auto-Owners raised the principal use as a private residence requirement in its motion. Auto-Owners' motion states, "[T]he alleged damage caused by the grow operation is not covered because the property was not used principally as a private residence. Rather, the Property was being used for business purposes. In order to trigger coverage, the property 'must be used principally as a private residence.'" Def.'s Mot. for Summ. J. 8, ECF No. 22. Furthermore, in its response brief, Plaintiffs acknowledged that Auto-Owners asserted this argument. Resp. to Def.'s Mot. for Summ. J. 3, ECF No. 27 ("Defendant suddenly takes the position insisting that the property was not used principally as a private residence and that Plaintiffs were using the property as a business.").

---

[1] Although Plaintiffs technically advance four arguments, their first, third, and fourth contentions all essentially assert the evidence in the record does not support the Court's finding.

[2] Although the Court does not foresee anything that would change its ruling, and Plaintiffs have not argued that summary judgment is inappropriate under Rule 56(d), parties in civil actions are always free to raise any motion supported by Rule 11 that would require a Court to reconsider its ruling based on the other standards cited above.

Plaintiffs contend Auto-Owners cited the provision only to argue the property was principally used for business purposes. Therefore, according to Plaintiffs, "the Response by Plaintiff[s] argued [only] that the issue of 'business purpose' was a disputed issue of fact." Mot. for Reconsideration 4, ECF No. 32. However, that Auto-Owners primarily supported its argument by citing to evidence indicating the property was used for business purposes does not mean that Auto-Owners did not contend more generally that the property was not used principally as a private residence. By citing to the relevant policy provision and submitting evidence to support its argument that it was not met, Auto-Owners put Plaintiffs on notice that it contended the policy was not principally used as a private residence.

Furthermore, Plaintiffs do not indicate how the Court would have resolved the motion differently if Auto-Owners' argument had been more explicit. Indeed, Plaintiffs do not offer any arguments or evidence that they would have submitted had Auto-Owners not used much of its motion to argue that the property was used for business purposes. Instead, Plaintiffs state that the evidence they presented in their response brief creates a disputed issue of fact on the residential use of the property. Therefore, even if Auto-Owners insufficiently raised the argument that the property was not principally used as a private residence, its failure to do so was harmless.

Plaintiffs' second argument—that the evidence does not support the Court's finding—improperly narrows the policy language. Plaintiffs believe they were required to show only that the property was being used for residential purposes.[3] *See* Mot. for Reconsideration 2

---

[3] At a hearing on the present motion, Plaintiffs reasserted the argument made in their response brief that a policyholder's intent for how the property would be used is relevant to coverage. However, as noted in the Court's Order on the Parties' Cross Motions for Summary Judgment, "the insurance policy does not require that the insured have knowledge of the property's use." ECF No. 30, at 10. Furthermore, at oral argument, Plaintiffs did not cite any

5

("This Motion requests the Court to reconsider its finding and recognize the evidence that the rental dwelling was possibly used as a residence or for residential purposes."). Indeed, Plaintiffs repeatedly argue that the Court erred in concluding the dwelling was not being used as a residence. *See id.* at 4 ("[T]he Court had before it undisputed facts that the property was leased for residential purposes."); *id.* at 7 ("There is no evidence to support a finding that the dwelling was not being lived in or being used as a residence."). However, the Court did not conclude that the property was not leased for residential purposes or was not being used as a residence. Instead, the Court found that the insurance policy requires more than residential use—it requires that the property be used *principally* as a private residence—and Plaintiffs did not present evidence that this requirement was met. Order on Mots. for Summ. J. 9–10, ECF No. 30.

Indeed, the evidence Plaintiffs point to in support of their present argument demonstrates nothing more than that individuals may have been renting a room at the property.[4] Mot. for Reconsideration 7 ("[I]n Defendant's Exhibit F of the Motion for Summary Judgment it presented the letter from the property manager stating that the occupants of the home were 'living in our home.'"); *id.*(citing to the Tenant Lease of Property in effect at the property); *id.* (quoting an arrest affidavit in which an individual told a detective that he was renting a room at the property).[5] If the

---

provision of the contract supporting the notion that the Court should consider Plaintiffs' intent or knowledge when analyzing whether the property was used principally as a private residence.

[4] Plaintiffs also cite Auto-Owners' coverage denial letter, which states that the damage was due to "hard living." Mot. for Reconsideration 6; ECF No. 22-6. However, in Plaintiffs' Response to Auto-Owners' Motion for Summary Judgment, Plaintiffs contended that the damage to the property was due to the marijuana grow operation, not to anyone living at the property. *See* Pls.' Resp. to Def.'s Mot. for Summ. J. 3, ECF No. 27.

[5] Furthermore, the individual's statement to the detective that he was renting a room is inadmissible hearsay that the Court cannot consider at the summary judgment stage. *See United States v. Glass*, 128 F.3d 1398, 1405 (10th Cir. 1997) (finding that a statement made to a law enforcement officer was inadmissible hearsay, because it was offered to establish the truth of the

Court were to find this evidence sufficient to create a disputed issue of fact as to whether the house was principally used as a private residence, the Court would essentially write the term "principally" out of the policy. Indeed, to use the house principally as a private residence, more than merely renting a room is required. The term "principally" implies that the individual's main purpose for the house is a private residence. *See Principal*, Black's Law Dictionary (10th ed. 2014) (defining principal as "chief; primary; most important."). Plaintiffs do not present any proof that the growers primarily used the house as their private residence. For example, Plaintiffs do not provide evidence suggesting the house was furnished or that the residents left their clothing and other belongings at the house. Instead, as stated in the Court's order on the parties' cross motions for summary judgment, the evidence Plaintiffs submitted suggests that the main purpose for the house was to grow marijuana. Proof of Loss 3, ECF No. 21-6 (stating that the growers used "virtually the entire house in this operation," including the ground level recreation room, multiple bedrooms, the garage, the entry area, and the kitchen); *id.* (describing the marijuana grow operation as an "illegal enterprise").

In short, the only evidence Plaintiffs submit in support of the property's principal use as a private residence is (a) a hearsay statement that an individual was "renting" a room, (b) a lease showing that Plaintiffs intended the house to be used as a residence, and (c) Plaintiffs' conclusory statement that individuals were living at the house. This is insufficient to create a disputed issue of fact as to whether the house was being used principally as a residence. Discovery is closed, the parties have had the opportunity to submit any relevant factual information, and the Court finds that what has been submitted on the issue of the principal use is insufficient as a matter of law to create

---

statement); *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1121 (10th Cir. 2007) ("[H]earsay testimony is inadmissible 'in support of, or opposition to, summary judgment.'" *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cir. 1995))).

7

a triable issue of fact. Accordingly, the Court does not find clear legal error in its partial grant of Auto-Owners' Motion for Summary Judgment.

## **CONCLUSION**

The Court first finds Auto-Owners properly raised the argument that Plaintiffs' property was not principally used as a private residence. Additionally, the Court holds that the evidence submitted by Plaintiffs does not create a disputed issue of fact as to whether the property was being used principally as a private residence. Accordingly, Plaintiffs' Unopposed Motion for Reconsideration of Order on Cross Motions for Summary Judgment [filed January 4, 2018; ECF No. 32] is **denied**.

Entered and dated at Denver, Colorado, this 29th day of January, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge