IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01401-MEH

CONNIE WEINGARTEN, and
EDWARD WEINGARTEN,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiffs Connie and Edward Weingarten ask me to reconsider my order granting in part Defendant Auto-Owners Insurance Company's Motion for Summary Judgment. In support of their motion, Plaintiffs submit a video and photographs they recently obtained. They claim this new evidence supports their theory that the property underlying their insurance claim was used principally as a private residence, which is sufficient to avoid summary judgment on that issue. Although a close call, I find the new evidence demonstrates just enough of a disputed issue of material fact as to whether Plaintiffs' property was being used principally as a private residence. Accordingly, I grant Plaintiffs' Motion for Reconsideration.

## **BACKGROUND**

Plaintiffs filed this case in state court on May 9, 2017. Compl., ECF No. 4. Plaintiffs allege that Auto-Owners improperly denied their insurance claim, which sought coverage for property damage due to an illegal marijuana grow operation. *Id.* Plaintiffs assert causes of action for breach

of insurance contract, breach of the duty of good faith and fair dealing, and statutory unreasonable delay or denial. *Id.* ¶¶ 20–37. Auto-Owners subsequently removed the case to this Court. Notice of Removal, ECF No. 1.

The parties filed cross motions for summary judgment while they were engaging in discovery. Relevant here, Auto-Owners sought a legal determination that the policy does not cover Plaintiffs' claimed losses, because the property was not being used principally as a private residence. Auto-Owners' Mot. for Summ. J. 7–11, ECF No. 22. I found that the policy does not cover damage to Plaintiffs' dwelling, because Plaintiffs did not demonstrate a disputed issue of fact as to whether the property was being used principally as a private residence. *Id.* In fact, Plaintiffs submitted evidence that virtually the entire house was being used to further the marijuana grow operation. *Id.* at 9. Although Plaintiffs produced a document stating that the individuals growing marijuana were residing at the property, I found this single conclusory statement insufficient to create a disputed issue of fact. *Id.* at 9. Indeed, finding a triable issue of fact based on this evidence would have essentially written the term "principally" out of the insurance contract.

On January 4, 2018, Plaintiffs filed a Motion for Reconsideration. First Mot. for Reconsideration, ECF No. 32. In denying Plaintiffs' motion, I clarified that evidence indicating merely that the property was used for residential purposes was not sufficient. Order on First Mot. for Reconsideration 5–7, ECF No. 37. The insurance policy requires that the property be used *principally* as a private residence, and Plaintiffs failed to present evidence that this requirement was met. *Id.* I found it important that Plaintiffs did not produce documents or testimony suggesting the house was furnished or that the residents left their clothing and other belongings at the house. *Id.* at 7. In short, Plaintiffs' conclusory statement in their proof of loss form that individuals were living

at the house was insufficient to create a triable issue of fact. *Id.*

Then, on March 12, 2018, Plaintiffs filed the present Motion for Reconsideration, ECF No. 38. Plaintiffs contend that previously unavailable evidence demonstrates a factual dispute as to the principal use of the property. *Id.* at 4–5. The pictures and video attached to Plaintiffs' motion show the property's condition when law enforcement discovered the grow operation. ECF No. 38-2. In response, Auto-Owners first asserts the new evidence is untimely, because the discovery deadline has passed. Resp. to Second Mot. for Reconsideration 3, ECF No. 40. Additionally, Auto-Owners contends the video and photographs illustrate that the property was principally used as a marijuana grow operation. *Id.* at 5.

## **LEGAL STANDARDS**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *United States ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012) (unpublished). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

## **ANALYSIS**

Plaintiffs' motion focuses entirely on the second basis for reconsideration—that previously

3

unavailable evidence demonstrates a disputed issue of fact. Second Mot. for Reconsideration 3, ECF No. 38. Plaintiffs claim the attached photographs and video show that the growers may have been using the property principally as a private residence. ECF No. 38-2. I first address whether I can consider the new evidence at this stage. Then, I analyze whether the evidence demonstrates a disputed issue of material fact as to whether the growers used the property principally as a private residence.

The video and photographs constitute previously unavailable evidence that I may consider at this stage. Plaintiffs' counsel submits an affidavit asserting that the evidence only recently became available, because it was part of the District Attorney's file for the prosecution of the individuals allegedly growing marijuana at the property. Aff. of Aldo DelPiccolo ¶ 3, ECF No. 38-1. Defendant does not contradict that the evidence became available only recently. This is sufficient to demonstrate that the new evidence was previously unavailable. I am aware that documents the government plans to use in the prosecution of a criminal case are frequently unavailable to the public throughout the duration of the criminal trial. Thus, although "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration," *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), Plaintiffs have provided a valid excuse for their failure to timely submit the evidence.

Auto-Owners argues it will suffer prejudice if I consider the new evidence, because it cannot conduct discovery to address the contents of the photographs and video. Resp. to Second Mot. for Reconsideration 3, ECF No. 40. However, trial is not set to commence until June 20, 2018. Trial Procedures Order, ECF No. 46. If Auto-Owners would like to briefly reopen discovery for the limited purpose of obtaining information regarding the photographs and video, it may confer with

4

Plaintiffs' counsel and request a discovery conference. I will certainly allow limited, relevant discovery on this issue. Therefore, any prejudice Auto-Owners may suffer from my consideration of the evidence can be cured. As such, I will consider the evidence in determining whether a triable issue of fact exists.

Although a very close call, the new evidence creates a disputed issue of material fact as to whether the residence was used principally as a private residence—that is, whether the "chief; primary; [or] most important" use for the property was as a private residence. *See* Principal, Black's Law Dictionary (10th ed. 2014); Order on First Mot. for Reconsideration 7, ECF No. 37 (applying the Black's Law Dictionary definition of "principally"). The pictures reveal that the individuals using the property paid for internet (Photograph 98) and received mail at the property (Photographs 100–04, 106). The video shows that the house contained a dining room table (Video at 0:25–:30), photographs and art on the walls (Video at 0:25–:50), a couch (Video at 10:00–:04), a television (Video at 10:00–:04), a washing machine and a bottle of detergent with clothes hanging nearby (Video at 11:20–:28), and a pool table (Video at 4:47–5:00). These aspects of the video demonstrate that individuals may have used the house for entertainment, daily meals, and regular chores, which is some indicia that the house was used principally as a private residence. Additionally, the video shows mattresses in two bedrooms (Video at 4:00–:10; 11:33–:42); a desk, an office chair, and a night stand in one of the bedrooms (Video at 4:00–:15); a bathroom with a toothbrush and mouthwash on the sink (Video at 14:13–:24, 15:00–:02); clothes in one of the closets (Video at 13:52–:56); and a coffee pot with coffee grounds in the kitchen (Video at 16:20–:27).

Viewing all of this evidence in a light most favorable to Plaintiffs, it creates a disputed issue of fact as to whether the individuals growing marijuana were principally using the house as their

private residence. Indeed, the video and photographs provide fundamentally more detail than Plaintiffs' prior conclusory statement that individuals may be residing at the house. Moreover, this is the type of evidence I previously stated may create a disputed issue of fact. *See* Order on First Mot. for Reconsideration 7 ("Plaintiffs do not provide evidence suggesting the house was furnished or that the residents left their clothing and other belongings at the house."). However, I note that the video and photographs also contain significant footage supporting the notion that the house was used principally as a marijuana grow operation. Based on this footage and on Plaintiffs' admission that the growers used "virtually the entire house in this operation," Proof of Loss 3, ECF No. 21-6, I am doubtful that Plaintiffs will be able to prove this fact at trial. Nevertheless, because granting summary judgment in this instance would substitute my judgment for that of a jury, I must deny Auto-Owners' Motion for Summary Judgment to the extent it sought a determination that the house was not used principally as a private residence.[1]

## **CONCLUSION**

In sum, I may consider the new evidence Plaintiffs produce, as it was previously unavailable due to an underlying criminal prosecution. Although a close call, when viewed in a light most favorable to Plaintiffs, this evidence creates a disputed issue of fact as to whether the property was being used principally as a private residence. Accordingly, I deny Auto-Owners' Motion for Summary Judgment to the extent it sought a legal determination that the property was principally used as a private residence. Plaintiffs' Renewed Opposed Motion for Reconsideration of Order on

---

[1] Auto-Owners did not file a motion for summary judgment on Plaintiffs' extra-contractual claims because of the lengthy course of briefing and judicial decisions on the present coverage issue, which has included two motions for reconsideration. Although I decline to sua sponte enter judgment in favor of Auto-Owners on these claims at the present time, I cannot foresee a jury determination on Plaintiffs' claims for common law bad faith or statutory unreasonable delay or denial.

Cross Motions for Summary Judgment [filed March 12, 2018; ECF No. 38] is **granted**.

Entered and dated at Denver, Colorado, this 17th day of April, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge